UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC JOHNSON, | ) | Case No.: 1:15 CV 43 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| AL LAZAROFF, Warden | ) | |
| Respondent | ) | ORDER |

On January 9, 2015, Petitioner Eric Johnson ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction of one count of kidnapping, two counts of aggravated robbery, two counts of felonious assault, and one count of attempted murder, all with firearm specifications, and one count of petty theft. (R&R at 1, ECF No. 9.) Petitioner argues that his Petition should be granted based on the following grounds:

> **Ground One:** Fourteenth Amendment
> **Supporting Facts:** There was insufficient supporting facts and insufficient evidence to convict petitioner with evidence beyond a reasonable doubt and he was entitled to judgment of acquittal because the evidence was insufficient to allow a rational fact finder to return a verdict of guilty.
>
> **Ground Two:** Fourteenth Amendment
> **Supporting Facts:** Petitioner was entitled to a new trial because his conviction was against the manifest weight of the evidence.
>
> **Ground Three:** Sixth and Fourteenth Amendment
> **Supporting Facts:** Petitioner was denied effective assistance of counsel because counsel failed to file motion to suppress evidence concerning an alleged statement given by petitioner without appropriate warnings or an understanding of the

    proceedings.

    **Ground Four:** Fifth, Sixth and Fourteenth Amendment
    **Supporting Facts:** Petitioner was subjected to unconstitutional multiple punishments in violation of his Fifth Amendment rights when the court sentenced petitioner separately for offenses which were allied offenses and should have been merged for the purposes of sentencing.

    **Ground Five:** Fourteenth Amendment
    **Supporting Facts:** Petitioner was denied a fair trial because of prosecutorial misconduct in violation of his rights under the Fifth, Sixth and Fourteenth Amendments. In addition, petitioner was denied a fair trial and impartial jury when the court failed to conduct a proper hearing to determine potential juror bias.

    **Ground Six**: Fourteenth Amendment
    **Supporting Facts:** Petition[er] presented evidence of actual innocence, was denied a hearing or release based upon uncontroverted evidence that petitioner was not the one responsible for the crimes alleged in the indictment. Petitioner['s] post-conviction counsel was also ineffective for failure to timely [file] a petition for post-conviction relief even though counsel had the necessary information to file within the time restrictions of Ohio law.

(*See* Pet. at 4-5, ECF No. 1.)  The court referred the case to Magistrate Judge Kathleen Burke for preparation of a Report and Recommendation ("R&R").  Al Lazaroff, Warden of the Mansfield Correctional Institution ("Respondent"), filed a Return of Writ on March 6, 2015 (ECF No. 5). Petitioner filed a Traverse (ECF No. 7) on April 3, 2015 and a Notice of New Authority (ECF No. 8) on December 2, 2015.

On January 6, 2016, the Magistrate Judge submitted her R&R (ECF No. 9), recommending that the court dismiss in part and deny in part the Petition (ECF No. 1) because Grounds One and Three are procedurally defaulted, Ground Two is not cognizable, Ground Four fails on the merits, a portion of Ground Five fails to state a claim and the remainder fails on the merits, and a portion of Ground Six is not cognizable and the remainder fails on the merits.  On January 21, 2016, the court granted Petitioner an extension of time until February 19, 2016 in which to file his objections to the R&R.

As of the date of this Order, no objections to the R&R have been filed. The Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, the Supreme Court stated, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 474 U.S. 140, 150 (1985). Furthermore, by declining to object, the parties have waived the right to appeal the district court's decision adopting the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Arn*, 474 U.S. at 155.

The court reviewed the Magistrate Judge's R&R and finds no clear error. Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 9). The court dismisses in part and denies in part Petitioner's Writ of Habeas Corpus (ECF No. 1). The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 29, 2016